Kenneth HACKWORTH, Plaintiff—
Appellant,

v.

Mel MARTINEZ, Secretary, U.S. De-
partment of Housing and Urban De-
velopment, Defendant—Appellee.

No. 04–56933.

United States Court of Appeals,
Ninth Circuit.

Submitted March 24, 2005.*

Decided June 8, 2005.

Andrew M. Schwartz, Los Angeles, CA, for Plaintiff–Appellant. Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Kenneth Hackworth appeals from the district court's grant of summary judgment to the Secretary of the Department of Housing and Urban Development in his suit under Title VII, 42 U.S.C. § 2000e–16(c)), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the grant of summary judgment de novo. *See Mondero v. Salt River Project,* 400 F.3d 1207, 1211 (9th Cir.2005). An employee plaintiff can establish a prima facie case of discrimination by introducing evidence that the employer treated him less favorably than others similarly situated, on account of gender or age (over 40). *See id.* (Title VII); *Enlow v. Salem–Keizer Yellow Cab Co.,* 389 F.3d 802, 811 (9th Cir.2004) (ADEA). If the plaintiff

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

produces evidence that he belongs to a protected class, was qualified for the job, and suffered an adverse action while others who were not members of the protected class did not, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the job action. *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1122 n. 16 (9th Cir.2004); *Enlow,* 389 F.3d at 812.

Hackworth did not make a prima facie case of discrimination based on gender or age. He did not allege that he was discharged when others were not. He stated that he did not know any other employees similarly situated who were not fired, or even that his position was filled. He also stated in his deposition that he thought his supervisor lied when he fired him and that he suspected age discrimination because he had knowledge and background and was the same age as his supervisor, none of which is relevant. When asked why he claimed gender discrimination, Hackworth answered that he could not think of any specific reason or incident. His appellate brief points to no evidence, circumstantial or direct, supporting age or gender discrimination.

Because Hackworth did not establish a prima facie case of discrimination, we AFFIRM.